**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRADY SMITH,

                Plaintiff,                  CASE NUMBER: 08-14002

v.                                    HON. MARIANNE O. BATTANI

BARBARA SAMPSON, et al.,

                Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANTS' MOTIONS TO DISMISS/SUMMARY JUDGMENT**

Plaintiff Brady Smith is a state prisoner serving a life sentence without the possibility of parole.  He filed this action *pro se* alleging that changes to state law governing parole violate his constitutional rights. Now before the Court are Plaintiffs' Objections to Magistrate Judge's Report and Recommendation and Order Staying Discovery.

The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this motion.  See E. D. Mich. LR 7.1(e)(2).  For the reasons that follow, the Court finds Plaintiff's objections lack merit and **GRANTS** Defendants' motions to dismiss.

**I. INTRODUCTION**

After the Court referred this action to Magistrate Judge Virginia M. Morgan for all pretrial proceedings, Defendants Laurin Thomas, Barbara Sampson, Miguel Berrios, James Attenberry, Stephen H. Deboer, Artina Tinsley Hardman, Sharee Booker, and James Quinlan filed a Motion to Dismiss/Summary Judgment (Doc. No. 30). Defendants John Schlinker and Enid Livingston subsequently filed a motion joining their co-Defendants' motion and

supporting brief (Doc. No. 36).  Defendants also asked the Court to stay discovery until a ruling was issued on the dispositive motions (Doc. No. 41).

In a Report and Recommendation ("R&R") dated August 6, 2009, Magistrate Judge Morgan recommended that Defendants' motions be granted, and that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted (see Doc. No. 45, R&R at 2).  In the event that this Court rejected the recommendation to dismiss Plaintiff's Complaint, the Magistrate Judge recommended that the request for summary judgment be denied as premature and that discovery proceed.

In his objections, Smith challenges the Magistrate Judge's finding that because "commutation is a matter of discretion for the Governor of the State of Michigan," Plaintiff's *Ex Post Facto* claim is precluded.  See R&R at15-9.  He also challenges the recommendation to decide the motion prior to discovery.

## II.  STANDARD OF REVIEW

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation requires the following:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

The basis of Smith's claim is that the commutative effect of changes in state law have impaired his opportunity for commutation in violation of the *Ex Post Facto* Clause of the United States Constitution.  U.S. CONST. art. I §§ 9, 10.  The *Ex Post Facto* Clause bars

enactments which, by retroactive operation, increase the punishment for a crime after its commission, including laws governing the parole of prisoners.   See Lynce v. Mathis, 519 U.S. 433, 445-446 (1997) (citing Weaver v. Graham, 450 U.S. 24, 32 (1981)); California Dept. Of Corrections v. Morales, 514 U.S. 499, 508-509 (1995).  A violation occurs when a change in the law been given a retrospective effect; and the change disadvantages the offender.  Weaver, 450 U.S. at 29.

In Garner v. Jones, 529 U.S. 244 (2000), the Supreme Court found that even if the requisite risk was not inherent in the framework of an amended rule, a prisoner could show "by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." Id. at 255.  Smith maintains that he is entitled to discovery pursuant to Garner, and he concludes that a decision on the merits is premature.

The Court finds Garner distinguishable given the differences in the discretionary authority of the parole board and the governor.  In assessing the viability of Plaintiff's claims, this Court finds the Magistrate Judge properly examined the degree of discretion afforded the governor in deciding whether to commute a sentence.  After reviewing the state constitution and case law, this Court agrees with the Magistrate Judge that the governor's discretion cannot be overstated.

Under the state constitution, "The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as [s]he may direct, subject to procedures and regulations as prescribed by law." MICH. CONST. 1963, art. 5, § 14.  Based on the language in § 14, the Michigan Supreme Court has held that the governor alone holds the power to

commute a sentence.  People v. Freleigh, 54 N.W. 599, 601(Mich. 1952).  Moreover, the Michigan Supreme Court has held that enactment of any law restricting " the power would be unconstitutional and void."  Rich v. Chamberlain, 62 N.W. 584, 587 (Mich. 1895).  The Michigan courts have acknowledged the exclusivity in subsequent cases, noting that the trial court lacks authority to set aside an valid sentence and impose a new one because such action "infinge[s]" on the governor's power as articulated in the state constitution.  People v. Whalen, 312 N.W.2d 638 (Mich. 1981), People v. Fox, 20 N.W.2d 732, 733 (Mich. 1945).  Finally, "[t]he constitution by implication forbids the judiciary to commute a sentence. It does not enable the legislature to pass a law that will infringe upon the exclusive power of the governor to commute a sentence." Freleigh, 54 N.W.2d at 601.  In sum, in Michigan, the governor's power to commute a sentence is unchecked by the judiciary and the legislature.

The Magistrate Judge did not rely exclusively on state authority in reaching her recommendation.  She also considered federal authority, albeit nonbinding.  In Snodgrass v. Robinson, 512 F.3d 999 (8th Cir. 2008), the appellate court considered an argument similar to Smith's, challenging changes to Iowa law.  The Iowa constitution grants the governor of the state the power to commute sentences, "subject to such regulations as may be provided by law."  Iowa Const. Art. IV, § 16.  In ascertaining the degree of discretion held by the governor, the federal court noted that not only had there never been a restriction on the governor's ability to commute sentences enacted, a prohibition on such a restriction had been enacted.  See Iowa Code § 914.1 (2007) ("The power of the Governor. . .to grant a. . .commutation of sentence. . .shall not be impaired.").  Consequently, the Snodgrass Court deemed the "Iowa governor's power to commute sentences as substantively unfettered." Id. at 1001.

4

This Court finds the authority granted to the Michigan governor likewise is "substantively unfettered."  This finding is not undermined by the authority granted to the Michigan Parole Board to interview an application for commutation and transmit a formal recommendation to the governor.  See MICH. COMP. LAWS § 791.243.  In reviewing a similar statutory scheme, the Snodgrass Court found the ability of the parole board to review files, interview prisoners, and make recommendation to the governor did not constitute a restriction on the governor's authority to commute sentences.  512 F.3d at 1001 (citing Iowa Code § 902.2 (2007)).  The reasoning is persuasive.

> This is because most parole procedures are distinct from the highly personal, policy oriented, and legislatively unchecked authority of the Iowa governor to grant sentence commutations.  In the present case, there are no statutory "shalls" restricting the Iowa governor's discretion or providing benchmarks by which a reviewing court might conduct an analysis of the likelihood that changes in the law will create a significant risk of increased punishment.

Snodgrass, 512 F.3d at 1002 n.2.

Consequently, the sufficiency of Plaintiff's factual allegations are not the basis for dismissal of his Complaint, and the Court rejects Plaintiff's assertion that the case cannot be decided without looking to matters outside the pleadings.  Specifically, Smith contends that he may uncover information that the governors of Michigan have a custom and practice of following the parole board's recommendations for commutations, the information is immaterial.

Here, the Court's decision is based upon a review of the law.  The particular facts of Smith's case are immaterial given the scope of the governor of Michigan's authority to grant commutation, see Lewis-El v. Simpson, No. 08-10560 (E.D. Mich. December 16, 2008 ) (Steeh, J.) (dismissing a similar claim under 28 U.S.C. § 1915), as reflected by the language

5

in the state constitution, case law, and the state statutes.  The impact of any change in the law governing parole will never be more than speculative relative to the governor's exercise of her right to commute sentences.  Therefore, Plaintiff cannot show that the change creates a "significant risk" that he will be denied a commutation.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager
